Suess, by guardian *ad litem,* Respondent, vs. J. S. Stearns Lumber Company, Appellant.

*October 27—November 15, 1910.*

*Master and servant: Negligence: Unsafe place to work: Evidence: Special verdict: Instructions to jury.*

1. In an action for personal injuries caused by the bursting of a steam cylinder near which plaintiff was working, evidence which would justify the jury in finding that the cylinder burst because, by reason of having been twice rebored, the shell was too thin, rather than because of a latent defect therein caused

by a sand hole, was sufficient to sustain findings that the employer was negligent and that such negligence was the proximate cause of the injury.

2. Where a question submitted for special verdict asked whether defendant negligently failed to provide a safe working place by putting in a steam cylinder which was "old, weak, thin, and insufficient," and the jury were instructed that if the bursting of the cylinder was caused by a sand hole they should answer such question in the negative, it was not error to refuse to submit specifically the questions whether the accident was caused by sand holes, and whether defendant ought to have known of such defect.

3. Where the verdict as submitted covers the issuable facts in the case, there is no prejudicial error in refusing to submit additional questions.

4. A party cannot complain that other instructions ought to have been given, even if necessary, where he made no request therefor.

5. The fact that portions of a charge to the jury (in this case as to the preponderance of evidence and as to damages for future suffering) were not as clear and concise as they might have been, is not ground for a reversal if they were not misleading.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This action was brought by an infant between sixteen and seventeen years of age, through his guardian, to recover damages caused on the 28th day of May, 1908, by the alleged negligence of the defendant. The charge of negligence is in failure to furnish plaintiff a safe place in which to work. The answer admits the infancy of respondent, appointment of guardian *ad litem,* the corporate capacity of the appellant, the employment of respondent, and some injury, and denies the other allegations of the complaint; also alleges contributory negligence and negligence of fellow-servants. At the close of the plaintiff's testimony appellant moved for nonsuit, which was denied, and at the close of all the evidence moved for a directed verdict, which was also denied. The appellant requested the submission, as part of the special verdict, of the following:

"(1) Was the said steam feed weak by reason of sand holes in the material of which it was composed?

"(2) Was the presence of said sand holes the proximate cause of the bursting of said cylinder?

"(3) Could the defendant have discovered the presence of sand holes by inspection?"

Said request was refused and the jury returned the following verdict:

"(1) Did the defendant, *J. S. Stearns Lumber Company,* negligently fail to provide plaintiff, *Clarence Suess,* with a reasonably safe place where he was required to work, by putting in a section of the steam feed which was old, weak, thin, and insufficient, as alleged? *A.* Yes.

"(2) If you answer the last question 'Yes,' was said negligence the proximate cause of plaintiff's said injury? *A.* Yes.

"(3) Was plaintiff guilty of any want of ordinary care which in any manner contributed proximately to the said injury? *A.* No.

"(4) At what sum do you assess plaintiff's damages? *A.* $3,500."

The appellant seasonably moved the court, after the coming in of the verdict, for judgment notwithstanding the verdict, to amend the special verdict, and for new trial, which motions were denied; but the court reduced the amount of damages named in the special verdict from $3,500 to $2,800 and ordered judgment for that amount, if accepted by the respondent. The respondent consented to the reduction and judgment was entered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Solon L. Perrin* and *Arthur W. McLeod,* and oral argument by *Mr. Perrin.*

For the respondent there was a brief by *Sanborn, Lamoreux & Pray* and *E. C. Alvord,* attorneys, and *Horace B. Walmsley,* of counsel, and oral argument by *Mr. A. W. Sanborn* and *Mr. Walmsley.*

KERWIN, J. 1. It is insisted on the part of the appellant that its motions for nonsuit and directed verdict should have been granted, on the ground that the evidence does not show

that the appellant was guilty of any want of ordinary care which was the proximate cause of the respondent's injury. This argument is based mainly upon the contention that the evidence conclusively shows that there was a sand hole in the cylinder of the steam feed, which constituted a latent defect, and that the appellant had no knowledge or means of knowledge that the cylinder was defective or unsuitable for the purpose for which it was used, and was not chargeable with any knowledge that the cylinder had not been properly inspected. The injury resulted from the bursting of this steam cylinder near which the injured boy, the plaintiff here, was working. A section of the broken cylinder was introduced in evidence and is brought here with the record.    It was a cast-iron cylinder and had been rebored at least twice after its construction and had been in use twenty years.    The reboring made the shell much lighter and weaker, it being in some places only five sixteenths of an inch, whereas there is evidence that it should have been three fourths of an inch in order to be safe, and the evidence tends to show that it burst because it was too light and not because of a sand hole.    One witness testified that it was hard to say whether the sand hole had anything to do with the break.    The jury would have been justified in finding upon the evidence that the shell of the cylinder was not thick enough to withstand the pressure, or that the tests made by the appellant were not sufficient or proper to determine the defects.    These tests were simply inspections by looking at the cylinder and making what is called the hammer test.    It is not claimed by the appellant that any test was ever made to ascertain how much pressure the steam feed would stand.    Nor does it appear that the thickness of the shell was ever measured by the appellant.    It is very clear to our minds that there was sufficient evidence to warrant the jury in finding that the cylinder burst because the shell was too thin and not on account of a sand hole or any latent defect. This conclusion renders inapplicable to the situation here the

principal authorities cited by counsel for appellant. Nor does it appear from the evidence that appellant ever delegated to any person the duty of ascertaining how thin the shell was, or to make proper inspection. Without further reviewing the evidence it is sufficient to say that there was ample evidence to establish the negligence of the appellant and that such negligence was the proximate cause of the injury.

2. It is also insisted by the appellant that the court erred in refusing to submit the questions proposed by it as part of the special verdict. We are unable to discover any error in this regard. We think the verdict submitted covered the issuable facts in the case, and that no prejudicial error was committed in refusing to submit the questions requested by the appellant. The principal complaint of counsel on the special verdict is that the questions whether or not the steam feed was weakened and burst in consequence of sand holes, and whether the defendant ought to have known of such defect, should have been specifically covered by the special verdict. The court told the jury that if the bursting of the steam feed was caused by the sand holes, then question No. 1 must be answered "No." No request was made to charge by counsel for appellant, therefore he cannot complain that other instructions should have been given, even if necessary. The thinness of the shell of the cylinder existed from the time it was rebored, therefore constituted a defect in the appliance furnished, and amounted to a failure on the part of the appellant to furnish respondent with a safe working place. What has already been said is sufficient to dispose of appellant's argument on motion for judgment notwithstanding the verdict.

3. It is also insisted by counsel for appellant that there should have been a new trial ordered because of errors committed on the trial. It is said that the court erred in admitting the testimony of the witnesses Laacky and Cook, in which they gave their opinion as to the cause of the break.

We think there was no error in the admission of this evidence. Each of these witnesses qualified under the rule and was competent to give opinion evidence on the subject. They were men of practical experience and well informed upon the subject on which the opinion evidence was given.

4. The following portions of the charge were excepted to:

"You are not to find any proposition set out in any question to be a fact unless the party upon whom the burden of proof rests has satisfied you by a preponderance of the evidence of the truth of the proposition set out in such question. If the evidence of the party on whom the burden of proof does not rest weighs as much as, and of course if it outweighs, that of the party on whom the burden of proof does rest, you must answer such question against the party on whom the burden of proof does rest." . . .

"If you find and believe from the evidence that the plaintiff's injuries are of a permanent character, you will bring in such damages for both mental and physical suffering as you are satisfied and believe from the evidence and are reasonably certain that the plaintiff will be obliged to undergo in the future, which resulted from his said injuries, and those several amounts added together will be the amount of damages which you will insert after the word 'answer' and before the word 'dollar' in your verdict."

These portions of the charge excepted to doubtless could have been more clearly and concisely stated, but we do not think the jury was misled by them, and we think no prejudicial error was committed in that regard. Sec. 3072m, Stats. (Laws of 1909, ch. 192).

It is also contended that the damages are excessive. The court below reduced the verdict from $3,500 to $2,800, and we cannot say that the verdict as so reduced is excessive. We find no reversible error in the record.

*By the Court.*—The judgment of the court below is affirmed.